# *Office of the Chapter 13 Standing Trustee*

### *Isabel C. Balboa, Chapter 13 Standing Trustee†*

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**
*\*Certified Bankruptcy Assistant*
*†Fellow, American College of Bankruptcy*

September 19, 2019

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

> **RE:    Debtor(s) Name:  Jason J. LaRocca and Ching Shan LaRocca**
> **Case No. 18-16643 (ABA)**

Dear Judge Altenburg:

Please accept this letter in lieu of a more formal response to the Application for Compensation returnable October 24, 2019 at 2:00 p.m.

Debtors filed their Chapter 13 Bankruptcy Petition on April 3, 2018.  Pursuant to the Disclosure of Compensation of Attorney for Debtors (Doc 1 – Page 67), Counsel received $0.00 prior to filing.  Counsel's full retainer in the amount of $3,495 shall be paid through the Chapter 13 Plan.

On May 13, 2019, Debtors' counsel filed an Application for Compensation seeking supplemental fees in the amount of $4,949, plus costs in the amount of $19.49, for a total amount of $4,968.49.  On June 13, 2019, the Court entered an Order Granting Supplemental Chapter 13 Fees.  Pursuant to the Order, Counsel was awarded a fee of $4,968.49 for services rendered, plus $3,495, which is owed for the standard Chapter 13 fee, for a total amount of $8,463.49 (Doc 47).

On August 27, 2019, the Court entered an Order Dismissing Case.  Pursuant to the Order, Debtors' attorney shall be paid $8,463.49 from the funds on hand with the Chapter 13 Trustee[1]. (Doc 51).  On September 12, 2019, Debtors' counsel filed a second Application for Compensation.  Page 3 of the application indicates that Debtors' counsel has applied for supplemental fees (including original retainer) in the amount of $11,958.49, which is not correct (Doc 54).  The correct amount of fees sought by Debtors' counsel is $8,463.49.

Counsel's present Application for Compensation seeks compensation for services rendered totaling $1,397.25, plus the initial retainer in the amount of $3,495, for a total amount of $4,892.25.  Counsel is attempting to collect duplicate payment of the initial retainer fee.

Additionally, the Trustee objects to the supplemental fees in the amount of $1,397.25.  Counsel bills for in-office interviews with Debtors on April 9, 2019 (0.5), and April 16, 2019 (0.3) for the review of case and preparation and filing of the Motion to Vacate Dismissal Order, attendance at the Motion to Vacate Dismissal Order hearing on May 7, 2019 (0.3), review and prepare for Court on June 11, 2019 (0.2) and August 13, 2019 (0.2), and attendance at Confirmation hearings on June 12, 2019 (0.3) and August 14, 2019 (0.3).

---

[1] The Trustee currently has $22,540.96 funds on hand.  After counsel fees are paid, any remaining funds on hand will be refunded to the Debtors.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Honorable Andrew B. Altenburg, Jr.
September 19, 2019

Debtors case was previously recommended for dismissal at the Confirmation hearing held March 27, 2019.  The Court entered an Order Dismissing Case on April 9, 2019, for failure to provide proof of loan modification, proof of loss of use and any other insurance proceeds, current statement from probation, full child support case numbers (2 cases) and updated address, Business Certification for car repairs, Certification of Business Debtor for Ching LaRocca Sales (Flea Market sales); 2013 Federal tax return, and insurance declaration page for vehicles.  On April 18, 2019, Debtors filed a Motion to Vacate Dismissal Order on shortened time.  Debtors' Certification in Support of Motion stated, in part, that Debtors have the child support case numbers and will be filing Amended Schedule E to note both case numbers, Debtors provided their attorney with pay stubs for their new jobs and would be filing Amended Schedule I to add new income and Amended Schedule J to update their expenses; Debtors' attorney was in receipt of a letter from the mortgage company dated April 12, 2019, and their attorney would upload the letter and package onto the Trustee's filing system.  There was no opposition to the motion and the Court entered an Order Vacating Dismissal Order on May 7, 2019.

A Confirmation hearing was held on June 12, 2019, five (5) weeks after the case was reinstated. The Trustee's notes for Confirmation were identical to the notes from the hearing held on March 27, 2019.  While the Trustee acknowledges receipt of updated pay advices for Debtors' new jobs, Amended Schedules I and J were never filed with the Court, nor was Amended Schedule E filed to list the child support case numbers.  The loan modification letter dated April 12, 2019, was never uploaded to the Trustee.  The June 12th hearing was adjourned two months to August 14, 2019.  Once again, there was no change and the Trustee recommended dismissal of Debtors' case again.  An Order Dismissing Case was entered August 27, 2019.

It is the Trustee's position that Debtors should not be billed for the preparation and attendance at multiple Court hearings when Debtors previously certified they had provided their attorney with information requested by the Trustee; however, there was no progress made in Debtors' case.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Jane L. McDonald*
Jane L. McDonald
Counsel

JLM/jpa
cc:    Jenkins & Clayman (Via ECF/CM)
       Jason and Ching LaRocca (Via First Class Mail)

Cherry Tree Corporate Center                                    **Payments Only:**
535 Route 38
Suite 580                                                       **P.O. Box 1978**
Cherry Hill, NJ 08002                                           **Memphis, TN 38101-1978**
(856) 663-5002